Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| CARLOS JUAN LÓPEZ JIMÉNEZ<br><br>Recurrido<br><br>v.<br><br>**EDWIN GERARDO NAVARRO ARTAVIA**, CARLOS RODRÍGUEZ PADILLA<br><br>Peticionario | KLCE202500099 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV05376<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Martínez Cordero y el Juez Cruz Hiraldo.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de febrero de 2025.

Comparece Edwin Gerardo Navarro Artavia (en adelante, peticionario) mediante un *Recurso de Certiorari*, para solicitarnos la revisión de la *Orden*, emitida el 29 de diciembre de 2024, y notificada el 2 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, Tribunal de Instancia y/o foro primario).[1] Mediante la *Orden* recurrida, el foro primario declaró *No Ha Lugar* una *Urgente Solicitud de Orden Ante Celebración de Vista en Ausencia*. Conforme se desprende de los autos, el tribunal de instancia señaló una vista de remedio provisional para el 10 de diciembre de 2024. Llegado el día y la hora pautada para la vista, fue llamado el caso, y, a las 11:09 a.m., no habiendo comparecido el Lcdo. Joseph R. Marrero Mathieu, representante legal del peticionario, se celebró la referida vista.[2] En la urgente solicitud de

---

[1] Apéndice del recurso, a las págs. 35-36.
[2] *Íd.,* a las pág. 23-24. Precisa señalar que la minuta de la vista de remedio provisional originalmente expresaba que la vista estaba pautada para las 9:00a.m. Ello, fue corregido mediante la *Orden* recurrida, para que la minuta indicara que:

orden presentada por el peticionario, el 23 de diciembre de 2024, este alegó que su incomparecencia a la vista de remedio provisional se debió a que tuvo confusión en cuanto a la hora de la vista y problemas para conectarse.[3] Igual justificación expresó en una moción informativa incoada el día de la vista.[4] No surge de los autos ante nos ninguna otra justificación o gestión.

Evaluada la urgente solicitud presentada del peticionario, el foro primario, denegó lo peticionado. Entiéndase, dejar sin efecto la *Orden* emitida en la vista en cuestión, mediante la cual se concedió el remedio provisional. El Tribunal concluyó que no existía duda de que la aludida vista estaba señalada para el 10 de diciembre de 2024, a las 11:00 a.m. Además, acentuó que "[n]o es responsabilidad del Tribunal comunicarse con las partes que no comparezcan a cada una de las vistas que han sido oportuna[s] y debidamente notificadas".

Inconforme con la referida determinación, la parte peticionaria acudió ante este Tribunal mediante un *Recurso de Certiorari.*

Sabido es que el *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior.[5] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia, de cuyas determinaciones se presume su corrección. A esos efectos, aunque la Regla 52.1 de Procedimiento Civil permite que mediante auto de *Certiorari* intervengamos en ciertas cuestiones interlocutorias,[6] esta

---

"El tribunal manifiesta que la vista estaba pautada para las 11:00 de la mañana y siendo las 11:09 a.m...". Véase, Apéndice del recurso, a la pág. 36.
[3] Apéndice del recurso, a las págs. 31-33.
[4] *Íd.,* a las pág. 26-27.
[5] *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009).
[6] 32 LPRA Ap. V, R. 52.1.

Regla no opera en el vacío, tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[7]

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Orden* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que hubo un craso abuso de discreción, ni tampoco que la determinación sea manifiestamente errónea. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil,[8] y la Regla 40 del Reglamento de este Tribunal,[9] acordamos *denegar* la expedición del auto de *Certiorari.*

En consideración a lo anterior, eximimos a la parte recurrida de presentar escrito en oposición al recurso de *Certiorari* ante nos. Ello, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones,[10] la cual faculta a este Tribunal de prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] 4 LPRA Ap. XXII-B, R.40.
[8] 32 LPRA Ap. V, R. 52.1.
[9] 4 LPRA Ap. XXII-B, R. 40.
[10] 4 LPRA Ap. XXII-B, R.7 (B)(5).